IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES A. CALIA,

   Plaintiff,

-vs-

OCWEN LOAN SERVICING, LLC, a foreign limited liability company,

   Defendant.

_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, CHARLES A. CALIA, sues the Defendant, OCWEN LOAN SERVICING, LLC, and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant OCWEN LOAN SERVICING, LLC, in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.*, (hereafter "TCPA") and the Florida Consumer Collection Practices Act, section 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction arises under 28 U.S.C. § 1367 for the related state law claims.

3. The alleged violations described herein occurred in Pasco County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

4.     Plaintiff, CHARLES A. CALIA, is and was at all material times a natural person over the age of eighteen (18), who resides in Pasco County, Florida.

5.     Plaintiff CHARLES A. CALIA is the regular user, carrier and subscriber of the cellular telephone number at issue, (###) ###-8939, and is the "called party" with respect to the calls placed by the Defendant that give rise to this action, as further described herein. See Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934, (11th Cir.2014); See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012).

6.     Defendant OCWEN LOAN SERVICING, LLC, (hereafter "OCWEN") is and was at all material times a foreign limited liability company organized under the laws of the state of Delaware, and authorized to transact business in the state of Florida. OCWEN maintains a registered agent for service of process in Florida, and maintains its principal place of business at 1661 Worthington Road, Ste 100, West Palm Beach, FL 33409.

## PERSONAL JURISDICTION

7.     This Court possesses specific personal jurisdiction over OCWEN as a result of its acts within this District that violated the TCPA and the FCCPA.

8.     OCWEN maintains sufficient minimum contacts with this District, has purposefully availed itself of the privilege of doing business in this District, maintains a registered agent and principal place of business in Florida, and possesses such a significant and continuous presence in this District such as to be subject to the personal jurisdiction of this Court.

9.     In addition, Plaintiff's injuries alleged in this action arise from OCWEN's mortgage loan servicing activities in Florida, and result from OCWEN's tortious conduct in performing said

activities within Florida, in violation of the TCPA and the FCCPA within Florida. OCWEN directed its conduct to have intended effects within Florida.

## FACTUAL ALLEGATIONS

10. At all times material hereto, Defendant OCWEN sought to collect an alleged mortgage loan debt from Plaintiff CHARLES A. CALIA that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "consumer debt" as that term is defined by section 559.55(6), Florida Statutes.

11. At all times material hereto, Defendant OCWEN was the servicer of a mortgage loan debt owed by Plaintiff.

12. In or about January of 2011, Defendant, OCWEN began initiating a campaign of autodialed calls ("robocalls") to Plaintiff's aforementioned cellular telephone number, (###) ###-8939, in an effort to collect the above described alleged mortgage loan debt.

13. Throughout the course of the telephone collection campaign described herein, Plaintiff consistently and repeatedly instructed OCWEN'S representatives to cease calling him on his cellular telephone number.

14. Despite Plaintiff's clear and unambiguous instructions to OCWEN's representatives to stop calling, Defendant OCWEN continued initiating autodialed calls to Plaintiff's cellular telephone number in an effort to collect the above described alleged debt, disregarding Plaintiff's instructions to cease placing such calls.

15. Defendant OCWEN intentionally harassed and abused the Plaintiff on numerous occasions by and through its agents and representatives, including, but not limited to, initiating several calls to Plaintiff's cellular telephone during the course of a single day, sometimes within

moments after the disconnection of the prior call, and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

16. Despite Plaintiff's instructions to OCWEN to stop placing calls to his aforementioned cellular telephone number, Defendant OCWEN, in an effort to collect the above described alleged debt, proceeded to engage in conduct in violation of the TCPA and FCCPA, as described herein.

17. The telephone calls at issue were placed by Defendant OCWEN using an "automated telephone dialing system" as defined by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer"). Specifically, Defendant initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number using the "Aspect" dialing system, which at all material times operated as a "predictive dialer," and which possesses the inherent capacity to operate in the aforementioned manner as defined by the TCPA.

18. During the four (4) year period prior to the filing of this Complaint, Defendant OCWEN placed approximately three hundred (300) autodialed calls to Plaintiff on his aforementioned cellular telephone number.

19. Defendant OCWEN initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

20. Alternatively, Defendant OCWEN initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant OCWEN, or that OCWEN mistakenly believed it had.

21. Additionally, none of the telephone calls at issue were placed by Defendant OCWEN to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

22. Defendant OCWEN consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

23. Defendant OCWEN has a corporate policy of using an automatic telephone dialing system and/or a pre-recorded or artificial voice message, just as it did when initiating the calls at issue to the Plaintiff's cellular telephone number, as described herein.

24. Defendant OCWEN willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

25. Despite having actual knowledge of its wrongdoing, Defendant OCWEN continued the campaign of harassment and abuse.

26. Defendant OCWEN'S corporate policy is structured to continue to call individuals like the Plaintiff, despite its lack of consent to place the calls, and despite the called parties' requests that OCWEN stop calling.

27. Defendant OCWEN'S corporate policy provided no means for the Plaintiff to have his number removed from the call list.

28. Defendant OCWEN followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

29. Defendant OCWEN has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

30. Defendant OCWEN has or should be in possession and/or control of call logs, account notes, auto dialer reports and other records that detail the exact number of calls made to Plaintiff over the course of the relevant time period.

31. As a direct and proximate result of Defendant's acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

32. Plaintiff's statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life pursuant to section 559.77, Florida Statutes, have continued and are continuing as of the filing of this complaint.

33. All conditions precedent to the filing of this action have occurred or have otherwise been waived.

## COUNT I
## VIOLATION OF THE TCPA AGAINST OCWEN

34. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (33), as if fully set forth herein, and further alleges as follows:

35. None of the calls at issue were placed by Defendant OCWEN to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

36. Alternatively, Plaintiff revoked any "prior express consent" Defendant OCWEN had or mistakenly believed it had by verbally instructing Defendant to stop placing calls to his cellular telephone number.

37. Additionally, none of the calls at issue were placed by Defendant OCWEN to Plaintiff's cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

38. Defendant OCWEN willfully and/or knowingly violated the TCPA with respect to Plaintiff CHARLES A. CALIA by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automatic telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed Defendant to cease calling, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

39. The TCPA provides Plaintiff with a private right of action against Defendant OCWEN for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief and recovery of statutory damages.

WHEREFORE, Plaintiff CHARLES A. CALIA respectfully demands judgment against Defendant OCWEN for statutory damages, actual damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT II
### VIOLATION OF THE FCCPA AGAINST OCWEN

40. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (33), as if fully set forth herein, and further alleges as follows:

41. At all times material to this action Defendant OCWEN was and is subject to and must abide by the laws of Florida, including section 559.72, Florida Statutes.

42. Defendant OCWEN engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the Plaintiff.

43. Defendant OCWEN engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in conduct which can reasonably be expected to abuse or harass the Plaintiff.

44. Defendant OCWEN engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

45. The actions of Defendant OCWEN have directly and proximately resulted in Plaintiff sustaining damages in the past and on a continuing basis pursuant to section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of

emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorneys' fees, interest and costs.

WHEREFORE, Plaintiff CHARLES A. CALIA respectfully demands judgment against Defendant OCWEN for statutory damages, actual damages, punitive damages, an injunction against similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
Karin@MitchellConsumerLaw.com
Counsel for Plaintiff